U.S. DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| TATIANA KOLOSOVA, an individual<br>        Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, a Delaware corporation MCKINSEY AND COMPANY USA, a Delaware Corporation, GERRY SMITH, an individual, LUKANA JUSTIN, an individual,<br><br>        Defendants. | CASE NO.: 18-81229-CIV<br>MIDDLEBROOKS/ BRANNON<br><br><br>RESPONSE TO **MOTION TO WITHDRAW AS COUNSEL** |
|---|---|

## DECLARATION OF TATIANA KOLOSOVA IN RESPONSE OF MOTION WITHDRAW AS COUNSEL

TATIANA KOLOSOVA declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

On January 08, 2019 Mr. Andrew OBeidy submitted his first resignation to represent me in the above-mentioned case. On January 09, 2019 I wrote the following response to be submitted to the court regarding Mr. Andrew OBeidy:

1. On or about December 04, 2017, Mr. Andrew OBeidy was retained by me, Tatiana Kolosova, to represent me in an action against my employer, defendant Office Depot, after I was terminated from my position at Office Depot on October 17, 2017, after approximately five months of employment. I claim in this action that my termination violated the anti-retaliation provisions of the Sarbanes-Oxley Act because it was causally-related to my complaints about the company wide-spread shareholders fraud and error-prone computing environment in the accounting system that allowed the company to manipulate with reports of their earnings. Defendants deny the allegations, instead contending that I was fired because of the elimination of my position.

2. By my own choice, I retained Mr. OBeidy as my counsel to represent me in all matters related to my case. My hopes were that Mr. OBeidy will perform diligent and professional work. Very soon, the reality proved otherwise. Mr. OBeidy drafted a claim to OSHA that contained severe mistakes. He simply copied sentences from my email that outlined the timeline of events happened in Office Depot during my

employment and pasted them to some previously created by him documents even without removing from those documents unrelated stuff like yacht club fees and ophthalmologist clinic employment. I spent many hours fixing multiple legal documents prepared by Mr. Obeidy. This situation repeated multiple times regardless my recommendations to Mr. Obeidy to proofread his own writings prior sending them to my review.  During some of my phone calls with Mr. Obeidy, he joked that I use him simply because he has an attorney license. I wish it would be a joke, but reality proved otherwise.

3. Throughout my representation by Mr. OBeidy, he had numerous communications with me, both by phone and email (those emails speak volumes of Mr. Obeidy violation of code of conduct and his incompetency as a lawyer). Mr. OBeidy concealed from me essential documents he submitted to the court and/or to opposing lawyers on my behalf. Throughout my representation by Mr. OBeidy, he showed outstanding incompetency in legal processing and violated the code of conduct in regard to client-lawyer relationships. Many of documents, including but not limited to joint discovery plan,  Mr. Obeidy created during his representation of my interests and many essential decisions Mr. Obeidy made were done without informing me, consulting with me or asking me for approval.

4. Mr. OBeidy concealed from me the fact of court ordering mediation as well as negotiation process with the opposing lawyers to choose a mediator. By chance, I found pacermonitor.com website and around November 20, 2018, learned about the court-ordered mediation that was issued on September 27, 2018. I requested in written form from Mr. OBeidy to provide me with an explanation why he concealed from me this fact but never got any explanations.

5. Up till, January 09, 2019, despite my multiple written and verbal requests to Mr. OBeidy to deliver me documents he submitted to the court and/or sent to opposing lawyers on my behalf, he refuses to do so. Mr. OBeidy misled me in all aspects of the discovery process set up by opposing lawyers. On December 21, 2018 at 4:26 PM Mr. OBeidy via email required from me to submit numerous documents and answer numerous interrogation questions requested by the opposing lawyers in a time frame of 7 days stating that failure to comply with the opposing lawyers request to documents will lead to the court sanctions including dismissal of my case. Despite my request to Mr. OBeidy to ask the opposing lawyers for time frame extension (it was a holiday season and I traveled abroad from December 15, 2018, till December 29, 2018) he refused to do so stating in his email to me nonsensical reasons and claiming that it will not be in my best interest. Even though, I explained to Mr. OBeidy that first, we need to extend the deadline for submitting requested documents and then we can decide if it is in my best interest to comply with 7 days request, Mr. OBeidy agreed that this is a right approach to move forward but refused to contact the opposing lawyers and ask for the extension.

6. On January 09, 2019 Mr. OBeidy was informed about my response to his resignation that I plan to send to the court and he asked to meet with me to discuss. The same day, January 09, 2018, at 7 PM I met with Mr. OBeidy in restaurant and Mr. OBeidy informed me that he doesn't want to resign, and he will be willing to represent me diligently in the above-mentioned case. Mr. OBeidy promised that he won't make any decisions without informing me prior to delivering his decisions to the opposing lawyers as well as Mr. OBeidy promised me to keep me updated in all aspects of electronic and other communication with the opposing lawyers on my behalf. I agreed to continue Mr. OBeidy representation and on January 10, 2019, sent Mr. OBeidy an email that confirmed it. However, promised made by Mr. OBeidy were short living.

On February 08, 2019 Mr. OBeidy submitted his second resignation to represent me in the above-mentioned case:

1. At my deposition as Plaintiff on February 05, 2019, Mr. Obeidy suddenly asked me to leave the deposition room and conducted discussion with the opposing lawyer and the Defendant representative without my presence. During this conversation, Mr. Obeidy decided to end the deposition on his own without consulting with me or informing me about his decision prior to deliver it to the opposing lawyer. When I returned to the room, the deposition was ended, and equipment was folded or removed. As a matter of fact, I was ready to continue the deposition and it was in my best interest to do so.

2. During my deposition on February 05, 2019, the opposing lawyer Mr. Patrick DeBlasio, brutally humiliated and discriminated me, however, Mr. Obeidy refused to object unlawful actions of the opposing lawyer. Next day after my deposition I requested from Mr. Obeidy to submit to the court a motion regarding my humiliation and discrimination by Mr. Patrick DeBlasio, the opposing lawyer. Mr. Obeidy refused to do so and after long hours of back and forth emails and phone conversations he submitted requested by me motion to the court.

3. After the court-ordered mediation that was conducted on February 07, 2019 and ended without reaching a resolution, Mr. Obeidy conducted secret discussion with the opposing lawyer and the Defendant representative. All this without his paralegal assistant that attended the mediation but waited for Mr. Obeidy in the hallway. I left the mediation office immediately after the mediation was concluded and because I thought I forgot my phone in the mediation room I came back and revealed, by chance, that Mr. Obeidy is conducting a secret meeting with the opposing lawyer and the Defendant representative behind the closed doors. The same day, February 07, 2019, I sent Mr. Obeidy an email asking him to update me regarding that meeting. I received response from Mr. Obeidy only the next day, February 08, 2019, and it stated that during that discussion he only thanked the opposing lawyer. As a matter of fact, that meeting continued for more than 10 minutes and Mr. Obeidy never shared with me the content of that conversation.

4. As the number of facts of Mr. OBeidy negligence, incompetency and code of conduct violations mounted, Mr. OBeidy decided to resign second time and submitted a letter to the court on February 08, 2019.

In conclusion, based on the facts that Mr. OBeidy failed to represent me in the above-mentioned case, his actions violated code of conduct in regard to client-lawyer privilege and confidentiality, I kindly request to allow Mr. OBeidy to withdraw himself from representing me in all matters of my claim. I also would like to inform the Court that I intend to proceed *pro se* till I hire another lawyer.

Date:  February 08, 2019

By: *[signature]*

Tatiana Kolosova
Plaintiff
8849 Valhalla Dr
Delray Beach, FL 33446
425-241-6846
tanya@watchwise.com